Woodbury, J.
Cramblett brought his action against McCullough, before a justice of the peace, to recover damages for trespass by his cattle to the former’s growing corn. Plaintiff had judgment below, and defendant appealed. In the common pleas Cramblett filed his petition setting forth his complaint, and asked judgment for $50 damages, but he did not allege that the action came into that court by appeal.
McCullough' demurred, on the ground that the petition showed the court had no jurisdiction. The court below overruled the demurrer, and that ruling is alleged for error.
It is claimed that want of jurisdiction is apparent on the face of the petition, because the amount claimed is less than $100. This traises the question, whether the common pleas may look to the transcript, papers and proceedings outside of the petition to determine its jurisdiction by appeal, or whether the plaintiff must allege in his petition that the action comes into that court by appeal. In short, must it appear from the petition itself.
This question has been much discussed, and the practice has been .anything but uniform. Some common pleas judges have required-the allegation to be inserted; others have stricken it out on - motion. The question has never been passed on by the supreme court.
The statute provides, among other things (Rev. Stats., Sec. 6584, et seq.), that the party appealing shall give bond, and within. thirty days from the rendition of the “ judgment appealed from- ” deliver to the clerk of the court to which such appeal may be taken a certified transcript of the justice’s proceedings, and such justice, within the same' time, shall “ deliver, or *331 transmit to such clerk, the bill of particulars ' * * and all other original papers, used on the trial before him.” “ The clerk, on receiving such transcript and other papers as aforesaid, shall file the same, and docket the appeal.” Section 6586.
When these steps have been regularly taken, the appeal is perfected. The. action is in the court of common pleas by appeal. Its jurisdiction has attached. If no petition is filed, judgment may still be rendered. Section 6589. Indeed the parties may go to trial on the transcript and original papers. Hallam v. Jacks, 11 O. S., 692.
Such an allegation is not issuable. If the case is not appealable, or if the appeal has not been perfected, the practice is to dismiss the appeal on motion. The question raised by such motion is one of law, not of fact, which is settled by an inspection of the record. The original pleadings are filed with the transcript, and are to be looked to not only to ascertain whether the action is appealable, but to ascertain whether the justice had jurisdiction. For if the justice had no jurisdiction, the common pleas takes no jurisdiction by appeal. Wood v. O’Ferrall, 19 O. S., 429. The court will likewise look to the record to see that bond had been given and transcript filed as required by few.
We are somewhat aided in this matter by the manner of 'taking cases by appeal from the common pleas. The proceedings are very similar. The party appealing having given bond, the clerk shall make a transcript, etc., “ which transcript, together with„the original pleadings and papers, he shall deliver at the office of the clerk of the district court.” Rev. Stat., 5235. No docketing of the appeal is provided for by statute. No pleading is required showing that the action came into the district court by appeal. How is the latter court to know that fact except by an inspection of the transcript ? True, in the district court the trial is conducted in the same manner as in the court below, and upon the same pleadings. But there is nothing in the pleadings to show that the action came into that court by appeal. On the face of the pleadings it would appear that the district court did'not havejfjurisdiction. So in an action appealed from a justice of the peace, “ the parties shall proceed in all respects, in the *332 same manner, as though the action had been originally instituted in the common pleas.” Rev. Stats., Sec. 6587.
Ferguson & Ferguson, for plaintiff in error.
Troettáéc Tannehill, for defendant in error.
Moreover, an allegation that the action came into the court by appeal is the allegation of a conclusion. If such conclusion should appear from the petition, it should appear from the facts alleged, showing the jurisdiction of the justice, the execution of the appeal bond, and the filing of the transcript within the proper time, etc., so that the court might conclude that the action had been appealed.
A majority of the court are of the opinion that the court below did not err in overruling the demurrer.
Judgment affirmed.